IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

BARBARA LOGAN, *et al.*,
*on behalf of themselves and all others
similarly situated*,
    Plaintiffs,

v.                                                    Civil No. 3:24cv576 (DJN)

EXPERIAN INFORMATION
SOLUTIONS, INC.,
    Defendant.

## ORDER
### (Granting Request for Stay; Denying Motion to Compel as Moot)

This matter comes before the Court on the parties' Joint Stipulation to Submit Claims Against Experian Information Solutions, Inc. to Binding Arbitration and Stay Case. (ECF No. 23 ("Stipulation").) In the Stipulation, Plaintiffs Barbara Logan, Sarah Snyder, Rhonda Greene and David Conoly (collectively, "Plaintiffs") and Defendant Experian Information Solutions, Inc. ("Defendant") agree to arbitrate the merits of Plaintiffs' respective disputes against Defendant pursuant to the parties' arbitration agreement. (*Id.* at 1–2.) Plaintiffs reserve their rights to challenge the arbitrability of their claims but agree to initiate individual arbitration within thirty days. (*Id.* at 2.) The parties further stipulate to stay this matter pending the results of arbitration or a determination of non-arbitrability. (*Id.*)

"A district court has broad discretion to stay proceedings as part of its inherent power to control its own docket." *United States ex rel. Harbor Constr. Co. v. T.H.R. Enters., Inc.*, 311 F. Supp. 3d 797, 805 (E.D. Va. 2018). This includes the power to stay proceedings "in furtherance of the efficient management of its docket." *Womack v. Transp. Ins. Co.*, 2012 WL 883456, at *3

(E.D. Va. Mar. 14, 2012). A stay is "particularly appropriate, and within the court's 'sound discretion,' where the outcome of another [proceeding] may 'substantially affect' or 'be dispositive of the issues' in a case pending before a district court." *Va. Innovation Scis., Inc. v. Samsung Elecs. Co.*, 983 F. Supp. 2d 713, 759 (E.D. Va. 2014). Further, under the Federal Arbitration Act ("FAA"), courts should stay "any suit or proceeding" pending arbitration of "any issue referable to arbitration under an agreement in writing for such arbitration." 9 U.S.C. § 3.

The parties have jointly stipulated to arbitrate the merits of all of Plaintiffs' disputes against Defendant in this action, so long as an arbitrator determines that the respective disputes stand subject to arbitration. (Stipulation ¶ 2.) Because arbitration of these disputes may substantially affect or dispose of the issues in this case, and because the FAA mandates a stay pending arbitration of those issues, the Court finds the requested stay to be appropriate and in the interests of judicial economy in this matter.

For the reasons stated above, the Court hereby STAYS this matter and CANCELS all pending deadlines. Further, because the parties have agreed to engage in arbitration, the Court DENIES AS MOOT Defendant's Motion to Compel Arbitration (ECF No. 4). The Court ORDERS the parties to file either a status report or Stipulation of Dismissal within fourteen (14) days of the completion of arbitration.

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

                                                   /s/ *DJN—MC*
                                                   David J. Novak
                                                 United States District Judge

Richmond, Virginia
Date: September 2, 2025